IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AUDREY M. NKADI, § | |
| § | |
| *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. 4:24-cv-0474 |
| § | |
| ARCON CREDIT SOLUTIONS, LLC, and § | |
| ABSOLUTE RESOLUTIONS § | |
| INVESTMENTS, LLC, § | |
| § | |
| *Defendants*. § | |

## ORDER

Pending before the Court is Defendants' Arcon Credit Solutions, LLC ("Arcon") and Absolute Resolutions Investments, LLC ("Absolute") (collectively referred to as "Defendants") Motion for Summary Judgment. (Doc. No. 39). Plaintiff Audrey M. Nkadi ("Plaintiff" or "Nkadi") filed a response in opposition (Doc. No. 40), and Defendants replied. (Doc. No. 41). After considering the applicable law, Motion, response, reply, and the evidence, the Court hereby GRANTS Defendants' Motion. (Doc. No. 39).

### I. Background

This is a case involving alleged harassment by a debt collector. Plaintiff alleges that Defendants attempted to collect debt associated with a Best Buy credit card (the "Debt"), purportedly owned by an unrelated person named "Shuan Purificacion." (Doc. No. 13 at 3). [1] Best Buy sold the Debt to Defendant Absolute. (*Id.*). Absolute then hired Arcon to collect the Debt. (*Id.*). Plaintiff contends that she is not associated with the Debt, but nonetheless received

---

[1] Plaintiff failed to proffer any evidence in response to Defendants' Motion for Summary Judgment. Consequently, the Court cites to the "facts" pleaded in Plaintiff's Complaint and response to the Motion for context

"numerous text messages over a short period of time" directed toward Shuan. (*Id.*). An example of the text messages Plaintiff received from Arcon is as follows:

> Shuan, Arcon Credit Solutions is a debt collector contacting you about your Best Buy Visa account Ref. # 391116 with us. We would like to discuss an offer with you. Please contact us at 833-976-0969 or visit our payment portal at https://securepayarconcredit.com/login/epc/391116. For our Terms of Use, visit https://arconcredit.com/terms-of-use/. Reply STOP to cancel.

(Doc. No. 13 at 3). Nkadi further alleges that she received multiple phone calls from Arcon after she responded "STOP" to the text messages. (Doc. No. 40 at 3). Plaintiff contends that, as a result of receiving these messages, she suffered invasion of privacy, aggravation, exhaustion of time and expenses contacting an attorney, and emotional distress with physical manifestations including increased blood pressure. (Doc. No. 13 at 4).

Nkadi asserts three causes of action in her Amended Complaint, alleging that Defendants violated: (1) the Telephone Consumer Protection Act ("TCPA"); (2) the Fair Debt Collection Practices Act ("FDCPA"); and (3) the Texas Debt Collection Act ("TDCA"). *See* (*Id.*). Defendant now moves for summary judgment on each of Plaintiff's claims. In response, Plaintiff explicitly abandons her TCPA claim but argues that the two remaining claims—under the FDCPA and TDCA—should proceed to trial. (Doc. No. 40 at 1).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show

that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

Defendant contends that each of Plaintiff's remaining causes of action—violations of the FDCPA and TDCA—are without merit and summary judgment is appropriate as a matter of law.

*A. The Fair Debt Collection Practices Act*

Plaintiff alleges that Defendants violated the FDCPA, 15 U.S.C. § 1692 (1982). In particular, Nkadi alleges that Defendants violations of § 1692d and § 1692f. Section 1692d, provides, in relevant part, that:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \*

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d.

The evidence tendered by Defendants demonstrates that Arcon sent Plaintiff a total of three text messages. Those messages were sent on October 6, 2023, October 19, 2023, and October 30, 2023. (Doc. No. 39-1 at 12); (Doc. No. 39-2). On November 1, 2023, Plaintiff responded "STOP," which unsubscribed her to the text messages. (Doc. No. 39-1 at 12); (Doc. No. 39-2). Arcon did not send another text message to Plaintiff after she responded "STOP." (Doc. No. 39-1 at 12); (Doc. No. 39-2). Arcon did, however, call Plaintiff a total of three times on November 1, 2023, November 22, 2023, and December 6, 2023. (Doc. No. 39-1 at 13); (Doc. No. 39-2). Each of those calls went to Plaintiff's answering machine. (Doc. No. 39-1 at 13); (Doc. No. 39-2).

Defendants argue, *inter alia*, that Plaintiff's § 1692d claim lacks merit because there is no evidence that Defendants engaged in any harassing oppressive or abusive conduct. (Doc. No. 39 at 16). Instead of proffering evidence, Plaintiff merely cites an Eleventh Circuit case, argue that whether conduct violates § 1692d is typically a question for the jury.[2] (Doc. No. 40 at 7). Though likely true in this Circuit as well, the Fifth Circuit has affirmed the dismissal of claims stemming from call volumes much greater than present here. In *Reed v. Receivable Recovery Services, L.L.C.*, the Fifth Circuit held that a district court did not err in reasoning that no jury could find that 14 phone calls over five weeks violated the FDCPA. 702 F. App'x 239, 241 (5th Cir. 2017). In coming to this conclusion, the Circuit cited two additional district court opinions that granted summary judgment when the call volume was similar to that of the case at bar. Id. (citing *Karp v. Fin.*

---

[2] Plaintiff cites *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985). There, the Eleventh Circuit clarifies that "*[o]rdinarily*, whether conduct harasses, oppresses, or abuses will be a question for the jury." *Id.* at 1179 (emphasis added). Nevertheless, the panel goes on to affirm the district court's grant of summary judgment on the plaintiff's § 1692d claim.

4

*Recovery Servs., Inc.*, No. 12-985, 2013 WL 6734110, at *6 (W.D. Tex. Dec. 18, 2013) (finding that six calls over a two-week period did not establish intent to harass); *Bell v. CSD Collection Specialist*, No. 11-280, 2013 WL 311841, *3 (M.D. La. Jan. 25, 2013) (holding that that debt collector's five calls to plaintiff on four days over a 13-day period did not raise a genuine issue of material fact regarding whether the debt collector harassed debtor)).

Here, as noted above, Plaintiff received six communications from Arcon—three text messages and three phone calls—over the span of eight weeks. The Court finds that these communications do not raise a genuine issue of material fact regarding whether the Defendants harassed Plaintiff. As such, Plaintiff's § 1692d claim fails as a matter of law.

A similar fate awaits Plaintiff's § 1692f claim. Section 1692f provides, in relevant part, that:

> [a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f. Plaintiff alleges that Defendants violated this section when they "unfairly, unconscionably, and erroneously attempted to collect a debt through its texts to Plaintiff." (Doc. No. 13 at 7).

The test for determining whether a debt collector's communication has violated the FDCPA under § 1692f is by viewing the communication objectively from the standpoint of the "least sophisticated consumer" or the "unsophisticated consumer." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012). The unsophisticated consumer is "neither shrewd nor experienced in dealing with creditors" but is not "tied to the very last rung on the [intelligence or] sophistication

5

ladder." *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 495 (5th Cir. 2004) (alteration in original). "This standard serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Taylor*, 103 F.3d at 1236 (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318–19 (2d Cir. 1993)).

Plaintiff's allegation that Defendants violated § 1692f are refuted by the uncontested evidence proffered by Defendants. As pleaded by Plaintiff, the text messages that Plaintiff received were address to a "Shuan." When viewed from the standpoint of the "unsophisticated consumer" Plaintiff must have been aware that the messages were not meant for her. The Court finds it difficult to imagine that an individual named Audrey could reasonably believe that the messages addressed to Shuan were meant for her. Moreover, Plaintiff does not suggest that she has any connection to anyone named Shuan, such that she could believe that Defendants were attempting to collect debt for a relative or friend through her. Nkadi also never advised Defendants that they were reaching the wrong party. Though Plaintiff argues that Defendants failed "to follow clear procedures and guidance that, had they been followed, would have obviated the instant matter," she provides no evidence to support that assertion. (Doc. No. 40 at 9).

Plaintiff failed to raise a genuine issue of material fact that either Defendant utilized unfair or unconscionable means by attempting to coerce Plaintiff into paying the Debt. As such, Defendants are entitled to judgment as a matter of law as to Plaintiff's § 1692f claims.

### B. The Texas Debt Collection Act

Plaintiff's final claim arises under the TDCA, specifically § 392.302(4) of the Texas Finance Code. Similar to § 1692d of the FDCPA, § 392.302(4) of the TDCA provides that:

6

> In debt collection, a debt collector may not oppress, harass, or abuse a person by:
>
> \*\*\*
>
> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Defendants argue that the Court should find that they did not violate the TDCA for the same reasons the Court should find that they did not violate the FDCPA—that they did not harass Plaintiff as a matter of law. (Doc. No. 39 at 20). Conversely, Plaintiff argues that, because the Court should have found a genuine issue of material fact regarding her FDCPA claim, it should find the same here. In fact, Plaintiff cites *Enis v. Bank of America, N.A.*, which held that "because there are few cases applying § 392.302(4) or prescribing what evidence demonstrates an intent to harass, the court also looks to cases interpreting the similar provision of the federal [FDCPA], 15 U.S.C. § 1692d(5)." (Doc. No. 40 at 10) (citing *Enis v. Bank of Am., N.A.*, No. 3:12-CV-0295-D, 2013 WL 1721961, at \*5 (N.D. Tex. Apr. 22, 2013)).

The parties, therefore, agree that the Court should construe Plaintiff's TDCA claim in the same manner as her FDCPA claim. The Court agrees. As such, the Court finds that the communications sent by Defendants to Plaintiff do not raise a genuine issue of material fact regarding whether the Defendants harassed Plaintiff. Thus, Plaintiff's TDCA claim fails as a matter of law.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment. (Doc. No. 39). A separate take-nothing judgment will be entered pursuant to the Federal Rules of Civil Procedure.

Signed at Houston, Texas, on this the 10th day of June, 2025.

Andrew S. Hanen
United States District Judge